**ORIGINAL**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

Anayansi Barbara Perez,                                CASE NO. 09-33071-RAM

    Debtor(s).                                         (CHAPTER 7 CASE)
_____/

# WOLFGANG NOACK'S AND RELIANCE PROPERTY MANAGEMENT, INC.'S MOTION FOR REHEARING OF ORDER OF DISCHARGE OF DEBTOR AND FINAL DECREE AND ALTERNATIVE MOTION TO ALTER OR AMEND

Wolfgang Noack ("Noack") and Reliance Property Management, Inc. ("Reliance"), pursuant to Rule 9023 of the Bankruptcy Rules of Procedure, move the Court for an order rehearing, reconsidering, and vacating the Discharge of Debtor entered January 31, 2010 (Docket # 50), and the Final Decree entered on January 31, 2010 (Docket # 51). Alternatively, Noack and Reliance move for an order altering or amending the Discharge and the Final Decree to exclude Noack and Reliance and any claims of Noack and Reliance. In support hereof, Noack and Reliance state as follows:

## INTRODUCTION

1.    On October 24, 2009, Debtor, Anayansi Perez, filed for protection under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

2.    Noack and/or Reliance are tenants under the terms of a long-term unexpired lease of the property the subject of the Motion for Relief, specifically 17260 Pine Tree Lane, Summerland Key, Florida 33042 (the "property"). Noack and/or Reliance have made payments

MOTION FOR REHEARING AND TO ALTER OR AMEND
DISCHARGE AND FINAL DECREE - Page 1

of rent for the property to EMC Mortgage and/or Perez in excess of $72,000.00. In addition, Noack and/or Reliance have made substantial improvements to the property and collateral of approximately $168,000.00, including ensuring that the property was in compliance with local ordinances. Due to Noack and /or Reliance's efforts, the property has been preserved and improved and they have preserved and/or enhanced the value of the asset and the mortgages on the property. Noack and/or Reliance are current occupants of the property and are on site.

3.     Debtor wholly failed to list Noack and Reliance as creditors in this case. Noack and Reliance have pending Objections to the Trustee's Report, which are set to be heard on March 11, 2010. Noack and Reliance in addition have Objections to the Debtor's Compliance with Section 521(a)(1), which have been set for hearing on March 11, 2010 as well, pursuant to the Notices issued by the Court (Docket # 52 and #53), which are of record and incorporated herein by reference. Noack's and Reliance's objections are incorporated herein by reference.

4.     On January 21, 2010, in conformity with the Notice to Creditors, Noack and Reliance filed their adversary proceeding in the form of a Complaint Objecting to Discharge and to Determine Dischargeability of Debt. A file-stamped copy of the Complaint is attached hereto as Exhibit A and incorporated herein by reference and Declaration of Dorothy J. Harden is attached hereto and incorporated herein by reference as Exhibit B.

5.     The Complaint objects to Debtor's Discharge under 11 U.S.C. §§ 523 and 727 and Bankruptcy Rule 7001. Bankruptcy Rule 7001 permits an adversary proceeding to be brought to among other things, object to or revoke a discharge, determine the dischargeability of a debt, determine the validity, priority, or extent of a lien or other interest in property, and the

**MOTION FOR REHEARING AND TO ALTER OR AMEND
DISCHARGE AND FINAL DECREE - Page 2**

other specified areas permitted by that rule.

6. On January 31, 2010, without any notice or opportunity to be heard, the Court entered a discharge in favor of Perez (Docket # 50) and a Final Decree releasing the trustee, and closing the case (Docket #51).

6. Noack and Reliance move for rehearing and reconsideration of the Discharge of Debtor and the Final Decree. Noack and Reliance have pending objections to the Discharge of Debtor and an open adversary proceeding objecting to Debtor's discharge. Noack and Reliance have pending objections to the prosecution of this case which have not been ruled upon and which are set for hearing.

7. Unless the Discharge Order and Final Decree are set aside and reconsidered, Noack and Reliance will have been prejudiced in the conduct of this case.

WHEREFORE, Noack and Reliance respectfully request the Court to grant this Motion, rehear, reconsider or vacate the Discharge of Debtor and the Final Decree, or alternatively, exclude Noack and Reliance from the Discharge of the Debtor and Final Decree and grant Noack and Reliance such other and further relief to which they are justly entitled.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this _9th_ day of January, 2010, by either facsimile transmission and/or United States mail, postage pre-paid and properly addressed on the following:

**MOTION FOR REHEARING AND TO ALTER OR AMEND
DISCHARGE AND FINAL DECREE - Page 3**

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

Anayansi Barbara Perez,

    Debtor(s).

WOLFGANG NOACK AND
RELIANCE PROPERTY MANAGEMENT, INC.,

    Plaintiffs

vs.

ANAYANSI BARBARA PEREZ,

    Defendant

_____/

CASE NO.: 09-33071-RAM

(CHAPTER 7 CASE)

10-02118-RAm

## COMPLAINT OBJECTING TO DISCHARGE AND TO DETERMINE DISCHARGABILITY OF DEBT

    Wolfgang Noack and Reliance Property Management, Inc., creditors of the Debtor and parties in interest in the above-captioned bankruptcy case and plaintiff in the above-styled action (collectively, "Plaintiff"), respectfully show the Court as follows:

### BACKGROUND FACTS

    1.    This adversary proceeding is bought pursuant to 11 U.S.C. §§ 523), 727 to the extent applicable and Bankruptcy Rule 7001. This is a core proceeding under 28 U.S.C. § 157(b)(2). This proceeding relates to the case of *In re Anayansi Barbara Perez*, Case No. 09-33071-RAM, United States Bankruptcy Court, Southern District of Florida, Miami Division.

**COMPLAINT - Page 1**

2.     On October 24, 2009, Debtor, Anayansi Barbara Perez, filed for protection under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and by virtue of the voluntary petition under Chapter 7 of the Bankruptcy Code.

3.     Plaintiff Reliance Property Management, Inc. ("Reliance") is a corporation duly organized and existing pursuant to the laws of the State of Florida, engaged in the regular course of business, and has entered into contracts and performed or provided labor, services, and materials in Monroe County, Florida, including the labor, services, and materials that are the subject of this action.

4.     Plaintiff Wolfgang Noack ("Noack") is an adult individual who resides in Monroe County, Florida and is *sui juris*. Noack is the sole owner of Reliance.

5.     Defendant Perez is an adult individual who it is believed resides in Miami-Dade County, Florida and is *sui juris*.

6.     Perez is the record owner of that certain residential real property commonly known as 17260 Pinetree Lane, Sugarloaf Key, FL 33042, such located at Lot 55, Sugarloaf Shores, Section C, Plat No. 2, According to the Plat Thereof, as Recorded in Plat Book 3, Page 53 of the Official Public Records of Monroe County, Florida (the "Property").

7.     Noack and/or Reliance are tenants under the terms of a long-term unexpired lease of the property. Noack and/or Reliance have made payments of rent for the property to EMC Mortgage and/or Perez in excess of $72,000.00. In addition, Noack and/or Reliance have made substantial improvements to the property and collateral well in excess of $168,000.00, including ensuring that the property was in compliance with local ordinances. Due to Noack and /or

**COMPLAINT - Page 2**

Reliance's efforts, the property has been preserved and improved and they have preserved and/or enhanced the value of the asset and the putative mortgages on the property. Noack and/or Reliance are current occupants of the property and are on site.

9. Noack and/or Reliance additionally paid rent for the property in the amount of $72,000.00, including pre-paid rent through July, 2010.

10. On or about January 19, 2007, Perez purportedly entered into two mortgage transactions with Platinum Capital Group to secure allegedly indebtedness in the amount of $1,266,750.00 (purported first mortgage) and $168,900.00 (second mortgage). The mortgages were recorded in the Monroe County Records at Book 2272, Pages 2075 through 2094 and Book 2272, Pages 2095 through 2102.

11. Noack and Reliance would show that the purported mortgages at issue, together with the second mortgage on the property, are part of a scheme to defraud, and are exaggerated. Based on information provided by the Defendant at the creditor's meeting, among other things, the original mortgagor, Capital Platinum Group (together with an unknown woman by the name of Alba Frieto, the title company, and Mortgage Company or broker, and others) permitted Perez, a woman of limited financial resources, to obtain loans for "flipping houses" in the height of the real estate boom in the Keys. One of the purported mortgages at issue is for $1,266,750.00, and there is another purported second mortgage for $168,000.00 for the same property. The loans were made with knowledge that Defendant could not pay and did not have the capability to pay.

12. Defendant, by her own admission, gave her credit information to a complete stranger whom Defendant never met before while a nurse at Jackson Memorial. Perez never saw the property, and the entire transaction was not handled by her, according to her version of the

**COMPLAINT - Page 3**

events. Perez would simply be contacted by a "gentleman" and informed when the papers would be ready. According to Perez, Perez did not participate in the transaction and only lent her credit. Debtor was supposed to be paid money from the next sale of the property.

13. The participants engaged in a scheme to defraud and obtain loan proceeds at artificially inflated and fraudulent valuations. They engaged in real estate fraud and/or RICO violations. Noack and Reliance would show that they improved the property and are the innocent victims.

14. When the scheme became revealed at the creditor's meeting, the trustee required the Defendant, at the continued 341 meeting, to produce the closing statement for the property, her financial statement provided for the purchase, and a quit claim deed that the Defendant testified about, at a minimum. When the 341 meeting re-convened, however, the Defendant did not personally appear, Noack and Reliance were unable to question her, and she wholly failed to produce any documents that the trustee required, only producing documents pertaining to the property allegedly recorded in the Monroe County official records.

## COUNT ONE

15. Noack and/or Reliance, at the behest of Perez and/or Perez's authorized agent and due to the terms of purported mortgages against the property, made improvements and repairs to the property. In addition, Perez and/or Perez's authorized agent made representations to Noack and Reliance as to the status of the property and, in justifiable reliance on those representations, entered into the lease transaction. The improvements and repairs, in whole or in part, were additionally made with the knowledge, constructive or actual, of the alleged note holder and mortgage holder.

**COMPLAINT - Page 4**

16. Defendant defrauded Noack and Reliance and fraudulently induced them to enter into the transaction and lead Noak and Reliance to believe that Perez could properly sell the property to Noack and Reliance.

17. Due to the fraud perpetrated on Noack and Reliance, they request that their claim be excepted from discharge pursuant to 11 U.S.C. § 523.

## COUNT TWO

18. Debtor likewise should be denied a discharge because the Defendant gave false responses and omitted material information from her bankruptcy schedules. Debtor deliberately omitted Noack and Reliance, among other things.

19. Debtor's false responses and material omissions were knowingly and fraudulently made within the purview of 11 U.S.C. § 727.

Wherefore, Plaintiffs respectfully request that the Court deny the Defendant Debtor a discharge and alternatively exempt from discharge Noack's and Reliance's claims against Debtor for all amounts owed to Noack and Reliance.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 22nd day of January, 2010, United States mail, postage pre-paid and properly addressed on the following:

**COMPLAINT - Page 5**

Robert Sanchez, Esq.
900 West 49th Street, #500
Hialeah, FL 33012

Ms. Anayansi Barbara Perez
1275 W. 35th Street, Apt. 46B
Hialeah, FL 33012

Ms. Anayansi Barbara Perez
3122 NW 75th Street
Miami, FL 33147

DOROTHY J. HARDEN
ATTORNEY AT LAW
88101 Overseas Highway
Islamorada, FL 33036
Mailing address: P.O. Box 370441
Key Largo, FL 33037
Telephone:  (305) 852-3533
Facsimile:   (305) 852-3534

By: /s/ Dorothy J. Harden
     DOROTHY J. HARDEN
     Florida Bar No: 0033571

ATTORNEY FOR WOLFGANG NOACK
AND RELIANCE PROPERTY
MANAGEMENT, INC.

**COMPLAINT - Page 6**

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

Anayansi Barbara Perez,             CASE NO.: 09-33071-RAM

    Debtor(s).                               (CHAPTER 7 CASE)
_____/

## AFFIDAVIT OF DOROTHY J. HARDEN

STATE OF FLORIDA            )
                                  ) SS:
COUNTY OF MONROE      )

     BEFORE ME, the undesigned authority, personally appeared, Dorothy J. Harden, who being first duly sworn, deposes and says as follows:

1. My name is Dorothy J. Harden. I am an attorney licensed by the State of Florida and the State of Texas. I give this affidavit in connection with Wolfgang Noack's and Reliance Property Management, Inc.'s Motion for Rehearing of Order of Discharge of Debtor and Final Decree and Alternative Motion to Alter or Amend (collectively, the "Motions") filed in this case. This affidavit is based on my personal knowledge and the facts stated in this affidavit are true and correct.

2. Attached to the Motions as Exhibit A is a true and correct copy of the Complaint Objecting to Discharge and to Determine Dischargability of Debt filed on January 22, 2010, with the Bankruptcy Court Clerk of the United States Bankruptcy Court for the Southern District of Florida.

3. I was personally present when the Complaint was filed by the clerk. The clerk had difficulty scanning the document onto the court's system due to some technical issues, and it was to be taken care of on the Monday next according to the supervisor.

4. In the complaint, Noack and Reliance object to the discharge of the Debtor, among other things.

**AFFIDAVIT - Page 1**

Further Affiant Sayeth Naught.

_____
Dorothy J. Harden

**SWORN TO AND SUBSCRIBED TO** before me on this 9TH day of February, 2010.

_____
Notary Public in and for
the State of Florida

My Commission Expires:

NOTARY PUBLIC-STATE OF FLORIDA
Pamela Piton
Commission # DD881258
Expires:   MAY 22, 2013
BONDED THRU ATLANTIC BONDING CO., INC.

_____

**AFFIDAVIT - Page 2**

Robert Sanchez, Esq.
900 West 49th Street, #500
Hialeah, FL 33012

Ms. Anayansi Barbara Perez
3122 NW 75th Street
Miami, FL 33147

U.S. Trustee
Office of the United States Trustee
51 SW 1st Avenue, Suite 1204
Miami, FL 33130

Reka Beane, Esq.
William E. Grantmyre, Jr., Esq.
Law Offices of David J. Stern, P.A.
900 South Pine Island Road, Suite 400
Plantation, FL 33324-3920

Allison B. Duffie, Esq./Ben-Ezra & Katz, P.A.
2901 Stirling Road, Suite 300
Fort Lauderdale, FL 33312

Mr. Drew M. Dillworth, Trustee
2200 Museum Tower
150 West Flagler Street
Miami, FL 33130

DOROTHY J. HARDEN
ATTORNEY AT LAW
88101 Overseas Highway
Islamorada, FL 33036
Mailing address: P.O. Box 370441
Key Largo, FL 33037
Telephone: (305) 852-3533
Facsimile: (305) 852-3534

By: _____
DOROTHY J. HARDEN
Florida Bar No: 0033571

ATTORNEY FOR WOLFGANG NOACK
AND RELIANCE PROPERTY
MANAGEMENT, INC.

**MOTION FOR REHEARING AND TO ALTER OR AMEND
DISCHARGE AND FINAL DECREE - Page 4**